OKORIE OKOROCHA (Calif. St. Bar No. 226658)
**TOXICOLAWGY.COM**
214 N. Main St., #296
El Segundo, CA 90245
Phone: 3104970321
Email: OO@OOESQ.COM

Attorney For Plaintiff Jane Doe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA—PHOENIX DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMES "JIM" MCCOLLUM, an individual, DOES 1-10,<br><br>　　　　　Defendant | CASE NO. 23STCV13829<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL<br><br>**1. VIOLATION OF 15 U.S.C. § 6851 (SEXUAL EXPLOITATION BY MEANS OF DISTRIBUTION OF INTIMATE VISUAL DEPICTIONS)**<br><br>**2. SEXUAL ASSAULT UNDER ARIZONA LAW (A.R.S. § 13-1406)**<br><br>**3. SEXUAL ASSAULT - FORCIBLE SODOMY UNDER ARIZONA LAW (A.R.S. § 13-1406)**<br><br>**4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL

COMES NOW the Plaintiff, Jane Doe, by and through undersigned counsel, and for her Complaint against Defendant, James McCollum, alleges and states as follows:

**INTRODUCTION**

1. This is an action seeking relief for violations of federal and state law arising from Defendant's unlawful sexual assault of Plaintiff and subsequent unlawful distribution of intimate images.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Jane Doe is an adult resident of Maricopa County, Arizona.

3. Defendant James McCollum is an adult resident of Maricopa County, Arizona, and a career predator and rapist who uses intimidation tactics, extortion and/or incapacitating drugs. McCollum has only been able to evade prosecution because of his history as a first responder and law enforcement connections.

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 as they arise under the laws of the United States, specifically 15 U.S.C. § 6851.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy. Specifically, distributing nude sexual images of the Plaintiff across state lines using the instruments of interstate commerce, such as telecommunications, cellular data, email, and all other methods of interstate communication.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and because the Defendant resides in this district.

**FACTUAL ALLEGATIONS**

7. On or about August 18, 2018, after a brief courtship, Plaintiff and Defendant married.

8. On or about September 2023, at their home in Mesa, Arizona, Defendant, as his pattern and practice, Defendant drugged the Plaintiff with unknown drugs and would anally rape her when she was passed out and lost consciousness.

9. Defendant, through force, threats, and intimidation and without Plaintiff's consent, did knowingly and intentionally forcibly sodomize the Plaintiff continually.

10. During the assault, Defendant would forcibly penetrate Jane Doe with his penis and sexual objections.

11. As a result of Defendant's actions, Plaintiff suffered physical injuries, including tissue tears and hemorrhoids, as well as severe emotional distress. He also frequently beat the Plaintiff by punching her in the head.

12. During the last 2 years, Defendant knowingly and intentionally distributed intimate visual depictions of Plaintiff without Plaintiff's consent in violation of 15 U.S.C. § 6851 repeatedly to many individuals and bragged about such to Plaintiff, across state lines, and uses the instruments of interstate commerce.

13. These images were of an intimate nature and depicted Jane Doe nude, suffering sexual assaults and being raped.

14. Plaintiff did not consent to the repeated rapes, repeated sodomy, repeated drugging to accomplish his rapes, and the distribution of these images/videos that he recorded.

15. Defendant's distribution of these images was done with the intent to harm, harass, and intimidate Plaintiff.

16. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including economic losses, reputational harm, and emotional distress.

//

**COUNT I**

**VIOLATION OF 15 U.S.C. § 6851**

**(SEXUAL EXPLOITATION BY MEANS OF DISTRIBUTION OF INTIMATE VISUAL DEPICTIONS)**

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as if fully set forth herein.

18. 15 U.S.C. § 6851, also known as the SHIELD Act, prohibits the knowing disclosure of intimate visual depictions with the intent to harm the individual depicted.

19. Defendant knowingly disclosed one or more intimate visual depictions of Plaintiff, with knowledge of or reckless disregard for:

   a. The fact that the depicted individual has not consented to the disclosure;

   b. The reasonable expectation of the depicted individual that the depiction would remain private; and

   c. The fact that the depicted individual was identifiable.

20. Defendant disclosed these intimate visual depictions with the intent to harm, harass, or intimidate Plaintiff.

21. The disclosed intimate visual depictions were sufficiently identifiable for third parties to identify Plaintiff.

22. The distribution affected interstate commerce as the images were distributed via social media, the internet, and text messages, which operate across state lines.

23. As a direct and proximate result of Defendant's violation of 15 U.S.C. § 6851, Plaintiff has suffered actual damages including but not limited to emotional distress, damage to personal and professional reputation, and other economic damages.

24. Under 15 U.S.C. § 6851, Plaintiff is entitled to equitable relief, actual damages, punitive damages, and reasonable attorney's fees and costs.

**COUNT II**

**SEXUAL ASSAULT UNDER ARIZONA LAW**

**(A.R.S. § 13-1406)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26. Defendant intentionally or knowingly engaged in sexual intercourse or oral sexual contact with Plaintiff without her consent.

27. Defendant used force, threat, or intimidation to accomplish this assault.

28. This conduct constitutes sexual assault under Arizona Revised Statutes § 13-1406.

29. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including physical injury, pain and suffering, emotional distress, and economic losses.

**COUNT III**

SEXUAL ASSAULT - FORCIBLE SODOMY UNDER ARIZONA LAW

(A.R.S. § 13-1406)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. Defendant intentionally or knowingly engaged in forcible sodomy with Plaintiff without her consent.

32. Defendant used force, threat, or intimidation to accomplish this assault.

33. This conduct constitutes sexual assault under Arizona Revised Statutes § 13-1406.

34. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including physical injury, pain and suffering, emotional distress, and economic losses.

**COUNT IV**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Defendant's conduct in sexually assaulting Plaintiff and distributing intimate images of Plaintiff without consent was extreme and outrageous.

37. Defendant intended to cause, or recklessly disregarded the near certainty of causing, emotional distress to Plaintiff.

38. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

39. No reasonable person could be expected to endure the emotional distress that Plaintiff has suffered.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Award compensatory damages (general and special) in an amount to be determined at trial;

b) Award punitive damages in an amount to be determined at trial;

c) Issue permanent injunctive relief ordering Defendant to:

　i. Immediately remove all intimate images of Plaintiff from any websites, social media accounts, cloud storage, or any other medium under Defendant's control;

　ii. Permanently cease and desist from distributing, publishing, or displaying any intimate images of Plaintiff;

　iii. Disclose under oath all persons and entities to whom Defendant has transmitted, shown, or described any intimate images of Plaintiff;

d) Award reasonable attorneys' fees and costs as permitted by law;

e) Award pre-judgment and post-judgment interest as permitted by law; and

f) Grant such other and further relief as the Court deems just and proper.

DATED this 23rd day of May, 2035.

                Respectfully submitted,

                /s/ *Okorie Okorocha, Esq.*

                _____

                OKORIE OKOROCHA (SBN: 226658)
                **TOXICOLAWGY.COM**
                214 N. Main St., #296
                El Segundo, CA 90245
                Phone: (310) 497-0321
                Email: OO@OOESQ.COM
                Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

                /s/ *Okorie Okorocha, Esq.*

                _____

                OKORIE OKOROCHA (SBN: 226658)
                **TOXICOLAWGY.COM**
                214 N. Main St., #296
                El Segundo, CA 90245
                Phone: (310) 497-0321
                Email: OO@OOESQ.COM
                Attorney for Plaintiff