**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, | No. CV-25-01774-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| James C McCollum, et al., | |
| Defendants. | |

The Court now considers Defendant's motion to dismiss the first amended complaint. (Doc. 15.) For the following reasons, the motion will be granted in part and denied in part.

**I.**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are "taken as true and construed in the light most favorable to the [plaintiff]." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## II.

This lawsuit arises from Defendant's alleged acts of unwanted sexual assault of Plaintiff. (Doc. 10 ¶ 1.) It is also alleged that Defendant drugged Plaintiff unconscious and recorded his sex acts with her and later distributed those recordings. (*Id.* ¶¶ 11, 13-14, 18-20, 22-23.) The amended complaint states claims for relief under 15 United States Code ("U.S.C.") § 6851, Arizona Revised Statutes ("A.R.S.") § 13-1406, Intentional Infliction of Emotional Distress under Arizona common law, and 18 U.S.C. § 2261A. (*Id.* ¶¶ 34, 38, 43, 51.)

1.  Federal law provides a civil action for victims of public disclosure of intimate images. Codified at 15 U.S.C. § 6851, and subject to certain exceptions,

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States . . . .

*Id.* § 6851(b)(1)(A).

Defendant moves to dismiss Plaintiff's § 6851 claim asserted in Cause of Action Number 1, arguing that the first amended complaint fails to "specify what type of images were distributed, beyond labeling them intimate visual depictions." (Doc. 15 at 6) The motion further argues that the claim does not explain how Plaintiff can be identified in the images, how they were distributed, and to whom. (*Id.*) Defendant contests the jurisdictional element of the claim, i.e., that the images were distributed in interstate commerce, in his Reply Brief. (Doc. 17 at 3.) The Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

2007). Even so, the Court finds Plaintiff sufficiently alleged the images were distributed in interstate commerce. (*See* Doc. 10 ¶¶ 19-20.)A complaint need not identify every detail of a claim for relief. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Twombly*, 550 U.S. at 555. And as stated, reasonable inferences should be drawn in favor of Plaintiff as the non-moving party. *Cousins*, 568 F.3d at 1067. The Court finds that the first amended complaint alleges sufficient facts showing a plausible claim for relief under § 6851. Plaintiff alleged that Defendant engaged in unwanted sexual intercourse with her, produced video recordings of those acts, and, without her consent, transmitted copies of the videos to others without her permission. (Doc. 10 ¶¶ 8, 11, 13, 16-20, 22-23.) Indeed, the first amended complaint alleges that Defendant threatened that he would ruin her reputation by spreading the videos. (*Id.* ¶¶ 18-19.)

2. The first amended complaint asserts three claims for relief, labeled as Causes of Action 2, 3, and 5, under state and federal criminal laws. (*Id.* ¶¶ 38, 43, 51.) The Court finds that all three are subject to dismissal because criminal statutes ordinary do not establish a private right of action in civil court.

Plaintiffs Cause of Action Numbers 2 and 3 attempt to state claims under A.R.S. § 13-1406, the Arizona criminal statute relating to sexual assault. (*Id.* ¶¶ 38, 43.) "The general rule is that no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phx. Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 294, 877 P.2d 1345, 1350 (Ct. App. 1994) (citation modified). The first amended complaint does "not identif[y] any basis to conclude the criminal statute[] [cited] can be enforced by private parties." *Meadows v. Yuma City Hous. Rehab. Program*, No. CV-24-02292-PHX-KML, 2024 WL 4452751, at *2 (D. Ariz. Oct. 9, 2024). Based on the Court's review and analysis, there is no discernable indication that the Arizona Legislature intended to establish a private right of action for criminal sexual assault.

Similarly, Cause of Action Number 5 attempts to state a claim under 18 U.S.C.

§ 2261A, the federal crime of stalking. (Doc. 10 ¶ 51.) "Case law is . . . unanimous that no private right of action is available under § 2261A." *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) (citing cases).*

No further amendment can cure the defects in Cause of Action Numbers 2, 3, and 5. These claims for relief will be dismissed with prejudice.

   3. Plaintiff's Cause of Action Number 4 is for Intentional Infliction of Emotional Distress under Arizona common law. (Doc. 10 ¶¶ 46-48.)

> The tort of intentional infliction of emotional distress requires proof of three elements: First, the conduct by the defendant must be "extreme" and "outrageous"; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct.

*Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) (citation modified.

For the reasons stated in her opposition brief (Doc. 16), the Court finds that Plaintiff has stated sufficient facts to plausible allege a claim for Intentional Infliction of Emotional Distress. For example, the first amended complaint alleges that Defendant repeatedly administered date-rape drugs that rendered her unconscious and then sexually assaulted her. (Doc. 10 ¶¶ 8, 10-11; Doc. 16 at 11.) He offered to let his friend participate. (Doc. 10 ¶ 12; Doc. 16 at 11.) Defendant also, allegedly, recorded his acts and shared the recording with others. (Doc. 10 ¶¶ 13-14, 18-20; Doc. 16 at 11.)

. . . .

. . . .

. . . .

. . . .

---

* The motion to dismiss states that it moves against "all Counts in the Complaint." (Doc. 15 at 1) But it does not make any argument over the federal stalking claim. Ordinarily an omission such as this would result in summary denial. But the Court will nonetheless analyze the sufficiency of this claim because its legal insufficiency is manifestly evident.

**IT IS THEREFORE ORDERED** that the motion to dismiss (Doc. 15) is **granted in part and denied in part**. Causes of Action 2, 3, and 5 are **dismissed with prejudice**. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference will be set by separate order.

Dated this 10th day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge